J-S17008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTWAIN SMITH, | |
| Appellant | No. 479 EDA 2016 |

Appeal from the Judgment of Sentence of December 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012108-2014

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                              **FILED APRIL 04, 2017**

Appellant, Antwain Smith, appeals from the judgment of sentence entered on December 17, 2015, as made final by the denial of Appellant's post-sentence motion on January 5, 2016.  We affirm.

The trial court has ably summarized the underlying facts of this case:

> On October 8, 2014, at 8:30 p.m., Philadelphia Police Officer Bryan Outterbridge set up [] narcotics surveillance on the 4400 block of North 17th Street.  Officer Outterbridge conducted his surveillance from an unmarked police vehicle.  He considered the area well-lit given that there were several light posts and flood lights on the block.
>
> During his surveillance, Officer Outterbridge observed co-defendant Alpha Johnson standing in a doorway when he was approached by [Appellant].  [Appellant] and co-defendant Johnson engaged in a brief conversation.  During their conversation, Officer Outterbridge observed co-defendant Johnson reach into his waistband to retrieve a silver firearm and hand the firearm to [Appellant], who secured the firearm in his right waistband.  [Appellant] then

walked northbound on 17th Street until he entered a bar at the corner of 17th and Wingohocking Streets. Officer Outterbridge radioed his backup team of his observations (black male, red shirt, blue jeans entered a bar with a firearm) and instructed them to stop [Appellant]. Officer Outterbridge testified that he recognized the item passed to [Appellant] as a firearm based upon his observation of the receiver and hand grips of the firearm as well [as] his personal experience carrying and using firearms.

Philadelphia Police Officer Ernes Toland was one of the backup officers to Officer Outterbridge. Officer Toland received information from Officer Outterbridge that a black male with a red shirt and blue pants entered a bar located at 17th and Wingohocking Streets with a firearm. Upon entering the bar, Officer Toland observed [Appellant], who was the only person in the bar wearing a red shirt and blue pants. Officer Toland asked [Appellant] to stand up so that he could be searched. Following a search of [Appellant], Officer Toland's partner recovered a silver firearm from [Appellant's] right waistband. The firearm was loaded with one round in the chamber and 15 rounds in the magazine.

[Appellant] stipulated that he did not have a license to carry a firearm, that the firearm was operable, and that [Appellant] had a prior conviction that prohibited him from carrying or possessing a firearm.

Trial Court Opinion, 6/8/16, at 1-2 (internal citations and some internal capitalization omitted).

Following a jury trial, Appellant was convicted of possession of a firearm by a prohibited person, firearms not to be carried without a license, and carrying a firearm on a public street in Philadelphia.[1] On December 17,

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), and 6108, respectively.

2015, the trial court sentenced Appellant to serve an aggregate term of five to ten years in prison for his convictions.

Appellant filed an untimely post-sentence motion on Tuesday, December 29, 2015. Within this motion, Appellant requested that:

> [the trial] court reconsider its original sentence because [the sentence] was excessive given the nature and circumstances of [Appellant], the facts of the underlying case, and the disproportionate nature of [Appellant's] sentence as compared to the much lighter sentence imposed on the co-defendant, who was known to police and was also in possession of the firearm based upon the verdict of the jury.

Appellant's Post-Sentence Motion, 12/29/15, at 2 (some internal capitalization omitted).

On January 5, 2016, the trial court entered an order declaring: 1) that Appellant's "petition to allow his [post-sentence motion] to be filed *nunc pro tunc* [wa]s granted" and 2) that Appellant's post-sentence motion was denied. Trial Court Order, 1/5/16, at 1 (some internal capitalization omitted). Appellant filed a timely notice of appeal on February 1, 2016.

Appellant raises two claims to this Court:

> [1.] Is [Appellant] entitled to an arrest of judgment where the evidence is insufficient to sustain the verdict?
>
> [2.] Is [Appellant] entitled to a new trial where the greater [] weight of the evidence does not support the verdict?

Appellant's Brief at 3.

Appellant first claims that the evidence was insufficient to support his convictions. This claim fails.

- 3 -

We review Appellant's sufficiency of the evidence claim under the following standard:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-560 (Pa. Super. 2011) (*en banc*) (internal quotations and citations omitted). Further, as our Supreme Court has held, a claim that "the testimony presented to the [fact-finder] was so unreliable and contradictory that the[] verdict could only have been arrived at through speculation and conjecture . . . [is] a challenge to the sufficiency [of the evidence]." *Commonwealth v. Brown*, 52 A.3d 1139, 1156 n.18 (Pa. 2012).

On appeal, Appellant seemingly acknowledges that, if accepted as true, the testimony of Officers Outterbridge and Toland is sufficient to

- 4 -

support his convictions. *See* Appellant's Brief at 7-10. However, Appellant takes the rather remarkable position that "the police were simply lying" at trial. *Id.* at 9. Specifically, Appellant claims, "the area in question was not well lit . . . [,] there was no video surveillance . . . [, and] the Commonwealth could not produce other types of evidence, such as fingerprints, DNA[,] or trace evidence[] that would have corroborated the testimony of the police." *Id.* at 8-9. According to Appellant, "the lack of corroboration, the lack of seeming veracity[,] and the lack of evidence against [Appellant] . . . lead only to one conclusion, to wit, that this incident did not happen the way the police said it did and, perhaps, that the police were simply fabricating the entire story." *Id.* at 9-10.

Appellant's claim on appeal is frivolous. To be sure, Officer Outterbridge specifically testified that the area in question was well-lit from the "[s]everal streetlights on the block" and the floodlights from the building. N.T. Trial, 9/9/15, at 53-54. Further, as the trial court explained:

> Officer Outterbridge watched as [Appellant] took possession of a silver handgun from co-defendant Johnson. While the object was being passed, Officer Outterbridge recognized the handgrip and receiver and immediately identified this object as a firearm. The officer had a clear, unobstructed, and well-lit view of [Appellant] concealing the firearm at his right waistband. Officer Outterbridge radioed to backup officers an accurate description of [Appellant], what he was wearing[,] and where he was located. . . . [M]inutes later, when police officers entered the bar, [Appellant] was the only individual matching the description provided by Officer Outterbridge. Furthermore, the firearm was found precisely where Officer Outterbridge saw [Appellant] conceal it, *i.e.*, at his right waistband.

Trial Court Opinion, 6/8/16, at 3.

In no way can the testimony from Officer Outterbridge or Officer Toland be considered "so unreliable and contradictory that the[] verdict could only have been arrived at through speculation and conjecture." ***Brown***, 52 A.3d at 1156 n.18. Appellant's sufficiency of the evidence claim thus fails.

For Appellant's final claim on appeal, Appellant contends that the verdict was against the weight of the evidence. This claim is waived, as Appellant failed to raise the claim before the trial court. ***See*** Pa.R.Crim.P. 607(A) (declaring that, to preserve a weight of the evidence challenge, the appellant must raise the claim with the trial court before sentencing or in a post-sentence motion).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017

- 6 -